UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY COLLETTI,

       Plaintiff,                             Case No. 14-cv-13539
                                             Hon. Matthew F. Leitman

v.

MENARD, INC. and JOHN DOE,

       Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTIONS TO AMEND COMPLAINT AND MOTIONS TO REMAND

### Background

On August 30, 2014, Richard Colletti ("Colletti") died in a tragic accident at a retail store owned and operated by Defendant Menard, Inc. ("Menard") in Macomb County, Michigan. A wooden pallet containing ceramic tile appears to have fallen off a shelf, landed on top of Colletti, and killed him. Following Colletti's death, the Macomb County Probate Court appointed Colletti's wife, Cindy ("Mrs. Colletti"), as Personal Representative for his estate.

On September 4, 2014, Mrs. Colletti, through counsel, filed two civil actions against Menard in the Macomb County Circuit Court. Both actions arose out of Colletti's death. Mrs. Colletti filed the first action in her capacity as Personal Representative, and she sought damages on behalf of Colletti's estate. *See Cindy*

1

*Colletti, as Personal Representative for the Estate of Richard Colletti*, *Deceased v. Menard, Inc.*, Macomb County Circuit Court Case No. 14-3444-NO.  Mrs. Colletti filed the second action on her own behalf and sought damages for negligent infliction of emotional distress. *See Cindy Colletti v. Menard, Inc.*, Macomb County Circuit Court Case No. 14-3447-NO.

The "General Allegations" sections of Mrs. Colletti's two state-court complaints were essentially identical.  In each complaint, Mrs. Colletti alleged that an unidentified Menard employee was negligent and/or grossly negligent in placing the pallet on the shelf and that Colletti's injuries and death were caused by that negligence.  Menard was the sole defendant in both state-court actions; neither complaint named a Menard employee or a John Doe as an individual defendant.

On September 11, 2014, Menard removed both state-court actions to this Court, and they were assigned civil action numbers 14-cv-13538 and 14-cv-13539 (collectively the "Federal Actions").   Menard invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  At the time of removal, complete diversity existed between the parties.   Menard is a citizen of the State of Wisconsin; Mrs. Colletti – both personally and in her capacity as Personal Representative – is a citizen of Michigan.

2

On September 23, 2014, Mrs. Colletti (purporting to act pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure) filed First Amended Complaints in the Federal Actions.  The First Amended Complaints added a new defendant: John Doe.  Mrs. Colletti alleged that John Doe – whom she alleged to be a Michigan citizen – is the Menard employee who negligently "placed the pallet" that fell on Colletti.  The First Amended Complaints added a claim for negligence/gross negligence against John Doe individually.   In addition, the First Amended Complaint in the action Mrs. Colletti brought on her own behalf added a count against John Doe individually titled "Negligence Infliction of Emotional Distress."

On September 24, 2014, Mrs. Colletti filed motions to remand the Federal Actions to state court.  In these motions, Mrs. Colletti argues that the addition of John Doe as a defendant destroys diversity and divests this Court of subject-matter jurisdiction.  (*See id.*)

On November 5, 2014 (while the remand motions were still pending), Mrs. Colletti filed motions to amend her First Amended Complaints.   In these motions, Mrs. Colletti says that on or about October 21, 2014, she learned that John Doe's name is actually Eric Davis ("Davis") and that Davis is a Michigan citizen.  Mrs. Colletti seeks to add Davis as a named defendant in place of John Doe.

3

Menard opposed Mrs. Colletti's motions to amend and remand. The Court heard oral argument the motions on January 7, 2015.

<u>**Analysis**</u>

Menard's removals of the actions filed by Mrs. Colletti in state court were proper. At the time of the removals, complete diversity existed between Mrs. Colletti and Menard (the only parties then in the case), and the amount in controversy in each action exceeded $75,000.00. Thus, this Court had subject-matter jurisdiction at that time, *see* 28 U.S.C. § 1332(a), and Menard had the right to remove the actions to this Court. *See* 28 U.S.C. § 1446.

While Rule 15(a) of the Federal Rules of Civil Procedure generally governs the amendment of complaints, the rule does not apply to post-removal amendments that would add a non-diverse defendant and divest a federal court of subject-matter jurisdiction. Post-removal efforts to add a non-diverse defendant are governed by 28 U.S.C. § 1447(e). *See, e.g., J. Lewis Cooper Co. v. Diageo North America, Inc.*, 370 F.Supp.2d 613, 618 (E.D. Mich. 2005) ("Because removal was proper, and the motion to amend the complaint seeks to add a party that would destroy complete diversity, the factors articulated by the decisional law construing section 1447(e) should determine the propriety of allowing the amendment rather than the liberal amendment provisions of Rule 15(a)"); *see also Phillip-Stubbs v. Walmart*

4

*Supercent*er, 12-cv-10707, 2012 WL 1952444, at * 3 (E.D. Mich. May 25, 2012) (collecting cases).

Section 1447(e) "appears to entrust the decision to allow joinder of a jurisdiction-destroying party to the court's discretion." *J. Lewis Cooper*, 370 F.Supp.2d at 618.  In exercising that discretion, a court must consider "the diverse defendant's interest in selecting a federal forum, together with four other factors: '(1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities.'" *Id.* (quoting *Siedlik v. Stanley Works, Inc.*, 205 F.Supp.2d 762, 765 (E.D. Mich. 2002)) (internal citations omitted).

The Court begins its Section 1447(e) analysis with the recognition that Menard has a meaningful interest in having a federal court adjudicate these actions. Indeed, "Congress extends the benefits and safeguards of federal courts to 'provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries.'" *Holston Inv., Inc. B.V.I. v. Lanlogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012) (quoting S.Rep. No. 1830, at 3 (1958), reprinted in 1958 U.S.C.C.A.N. 3099, 3101-02).  Here, Menard plausibly argues that, as a large foreign corporation accused of inflicting a mortal injury upon a local consumer, it may stand to benefit from the protections inherent in a federal forum.

5

On the other hand, the Supreme Court has recognized that the risk of prejudice to a foreign defendant hauled into a state court is lessened when that defendant stands trial alongside an in-state co-defendant – a result Mrs. Colletti seeks to achieve through her motions to amend. *See Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 554 (2005).  Thus, allowing Mrs. Colletti's proposed amendments and sending her two actions against *both* Menard *and* Davis back to state court would not necessarily subject Menard to substantial unfair prejudice.  Indeed, had Mrs. Colletti known Davis' identity and named him as a defendant in her original state-court complaints, Menard could not even arguably have sought the protections of a federal forum.  Moreover, Menard's interest in a federal forum is counterbalanced, at least to some degree, by Mrs. Colletti's right, as plaintiff, to fashion her complaints, choose a forum, and prosecute her lawsuits against those defendants she deems proper. *See, e.g., Pietrowsky v. Sam's Club*, 11-cv-10999, 2011 WL 2433466, at *2 (E.D. Mich. June 13, 2011) (quoting *J. Lewis Cooper,* 370 F.Supp.2d at 618) ("[W]hile Defendant's preference for a federal forum militates against joinder, this consideration is offset by Plaintiffs' 'right to fashion their lawsuit, select their causes of action, and advance theories against the parties of their choosing'").  On balance, this first factor favors Menard, but not overwhelmingly.

Next, there is a fair question here as to whether Mrs. Colletti seeks to add Davis as a defendant in order to destroy this Court's diversity jurisdiction. Menard insists that the timing of the proposed amendment – only after Menard invoked this Court's diversity jurisdiction – confirms that the addition of Davis is intended to divest this Court of jurisdiction. Menard highlights that Mrs. Colletti's state-court complaints did not name any unidentified Menard employees as John Doe defendants, and Menard insists that this omission proves that, until removal, Mrs. Colletti never had any intention of asserting claims against any individual Menard employees.

When confronted with Menard's arguments at the hearing on these motions, Mrs. Colletti's counsel represented to the Court that he always intended to name the relevant Menard employee as a defendant. Counsel said that he would have named that employee as a defendant in the original state-court complaints but was unable do so because the employee's identity was then-unknown. Counsel also confessed that he made a mistake in failing to include claims against a John Doe defendant. Counsel said that he was instructed to file the complaints very quickly and that he overlooked the John Doe issue in his haste to draft and file.[1] Counsel further pointed out that the original state-court complaints did refer to allegedly-

---

[1] Colletti was killed on Saturday, August 30, 2014. Mrs. Colletti filed her initial state-court complaints just three business days later on September 4, 2014.

7

negligent acts by a Menard employee and that the addition of claims against that employee would not materially change Mrs. Colletti's theory of the case. The Court had the opportunity to hear these arguments directly from counsel on the record in open court, and the Court found counsel to be credible and straightforward. Moreover, the Court is inclined to believe a representation made by an officer of the Court on the record.[2] The Court therefore does not find that the purpose of the proposed amendments is to divest the Court of jurisdiction. The purpose-of-amendment factor favors Mrs. Colletti.

Likewise, the Court does not find that Mrs. Colletti unduly delayed in seeking to add Davis as a defendant. Mrs. Colletti moved to add Davis to the Federal Actions less than two weeks after learning his identity. And Mrs. Colletti had already purported to add the John Doe Defendant six weeks earlier, putting Menard on notice shortly after removal that she wanted to add the allegedly-negligent employee as a defendant. There has been no discovery, and thus Menard's litigation position would not be prejudiced by the addition of Davis now. The timeliness factor favors Mrs. Colletti.

---

[2] In a future case involving the same law firm, the Court may attach more significance to the omission of a John Doe defendant. The firm should now be on notice that if it wishes to remove any doubts about its intention to assert claims against individuals whose identities are unknown at the time it files a complaint, it should include John Doe defendants in its initial complaint.

8

The prejudice factor favors Menard.  The Court does not believe that Mrs. Colletti would suffer serious prejudice if the Court barred her from adding Davis as a defendant.  Menard has conceded that it is liable for the acts and omissions of Davis with respect to the pallet in question, and that undercuts any need Mrs. Colletti may otherwise have had to include Davis in this action.  Mrs. Colletti counters that she needs to sue Davis and Menard in order to maximize her chances of collecting a favorable judgment.  But she has presented the Court with no reason to question Menard's collectability for the full amount of even the large judgments that Mrs. Colletti will undoubtedly seek.[3]  Nor has Mrs. Colletti shown that adding Davis to this action would do anything to enhance her chances of collection if Menard somehow became uncollectible.  Menard's counsel, who also represents Davis in a limited capacity, represented to the Court (based on his direct communications with Davis) that Davis is a recent college graduate burdened by student loans, that Davis lacks any meaningful assets, and, perhaps most importantly, that Davis has no insurance coverage that could be available to Mrs.

---

[3] *Forbes* lists Menard as the 43rd largest privately-held company in the United States.  *Forbes* estimates that Menard employed 43,000 workers and earned $8.3 billion in yearly revenue as of October 2014.  (*See Forbes* "America's Largest Private Companies" list, available at: http://www.forbes.com/largest-private-companies/list/.)

Colletti if she were to secure a judgment against him.[4]   Mrs. Colletti has not offered the Court any reason to doubt these representations concerning Davis' lack of assets.

The relevant factors here are evenly balanced: two favor Menard and two favor Mrs. Colletti.   The resolution of Mrs. Colletti's motions to amend really could go either way.   For three reasons, the Court concludes that granting the motions and allowing the addition of Davis as a defendant is a proper exercise of the Court's discretion.   First, this Court has granted a motion to add a diverse defendant and remand under *identical* circumstances.   *See Pietrowsky*, *supra* (plaintiff sued defendant retailer in state court for personal injury and did not name a John Doe defendant; retailer removed to federal court; plaintiff sought to add non-diverse employee of the retailer as a second defendant and to remand action to state court; and Court granted motion).   Menard has not shown that Mrs. Colletti's motions to amend and remand are distinguishable in any way from those in *Pietrowsky*, nor has Menard given the Court any reason to question the analysis or holding of that case.   The Court finds *Pietrowsky* to be persuasive.

---

[4] At oral argument, counsel for Mrs. Colletti did not appear interested in obtaining a financial affidavit and/or taking a creditor's examination of Davis to confirm these representations.

10

Second, Menard has not cited a single Section 1447(e) case in which a federal court has prevented a plaintiff from adding a non-diverse defendant where, as here, the plaintiff did *not* know the defendant's identity when the plaintiff filed her initial complaint.   In *every* case cited by Menard in which the proposed diversity-destroying amendment was denied, the plaintiff knew the defendant's identity when the complaint was filed, and the courts frequently cited that knowledge as a key factor in the decision to deny the proposed amendment.  *See, e.g., Wells v. Certainteed Corp.*, 950 F.Supp. 200, 201 (E.D. Mich. 1997) ("Plaintiff has asserted no reason why Epstein was not named as a defendant in the original action….Plaintiff was [] aware of Epstein's alleged involvement when she filed the complaint in September, 1996. She chose, at that time, not to include him as a defendant. It was only *after* defendant removed the case to federal court, that she sought to add him as a defendant") (emphasis in original); *Eastman v. The Peggs Co., Inc.*, 08-cv-12036, 2008 WL 2714429, at *2 (E.D. Mich. July 8, 2008) (denying plaintiff's motion to add an individual defendant in part because "Plaintiff's original complaint [made] over twenty references to [the individual defendant], identifying him as Defendant's district manager, alleging that he made repeated racially derogatory remarks at work and claiming that he actually assaulted Plaintiff on the job. Therefore, at the time the case was filed in state

court, Plaintiff had every reason to know of [the defendant] and any potential claims against him individually").

Finally, it is well-established that any doubts concerning the propriety of remand should be resolved in favor of remand, and that rule weighs in favor of remanding where, as here, the balance under Section 1447(e) is so close. *See, e.g., Phillip-Stubbs*, 2012 WL 1952444, at *5 (invoking rule that "the Court must resolve all doubts in favor of remand" under a Section 1447(e) analysis).

The Court will thus allow Mrs. Colletti to file a Second Amended Complaint in the Federal Actions adding Davis as an additional defendant. Because Davis is a Michigan citizen, once Mrs. Colletti files her Second Amended Complaints, complete diversity will no longer exist. At that point, the Court will no longer have subject-matter jurisdiction over the Federal Actions, and it will then remand both actions to state court. This Court is confident that the Macomb County Circuit Court will provide a fair forum for the litigation of the claims and defenses in these actions.

## Conclusion

For all of the reasons explained above, **IT IS HEREBY ORDERED** that Mrs. Colletti's Motions to Amend and Motions to Remand are **GRANTED**. Mrs. Colletti may, within fourteen days of the date of this Opinion and Order, file a Second Amended Complaint in each of the Federal Actions adding her claims

against Davis individually.  Upon the filing of the Second Amended Complaints, the Court will enter an order remanding the Federal Actions to the Macomb County Circuit Court.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2015


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

13